IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HOLIDAY HOSPITALITY
FRANCHISING, LLC,                                    Case No. 1:25-cv- 05379-VMC

    Plaintiffs,

v.

ASPEN HOTELS LLC, SIKANDAR A.
MALIK, and SARAH MALIK

    Defendants.

_____/

## **DEFENDANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Defendants, Aspen Hotels LLC, Sikandar A. Malik, and Sarah Malik ("Defendants"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 8, 12, and 15(a)(1)(B), answer the Complaint (Doc. 1) filed by Plaintiff, Holiday Hospitality Franchising, LLC ("HHFL" or "Licensor") ("Plaintiff"), and assert defenses, affirmative defenses, and counterclaims as follows:

## **PARTIES, JURISDICTION AND VENUE**

1. Defendants are without sufficient knowledge or belief to admit or deny the allegations and therefore deny the allegations of Paragraph 1 of the Complaint.

1

2.  Defendants admit the allegations of Paragraph 2 of the Complaint.

3.  Defendants admit the allegations of Paragraph 3 of the Complaint.

4.  Defendants admit the allegations of Paragraph 4 of the Complaint.

5.  Defendants admit the Court may exercise subject matter jurisdiction and its supplemental jurisdiction but otherwise deny Plaintiff's entitlement to any relief.

6.  This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny, and therefore deny the allegations of Paragraph 6 of the Complaint. Moreover, the License Agreement referenced therein speaks for itself and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes the agreement's content, Defendants deny the allegations.

7.  This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny, and therefore deny the allegations of Paragraph 7 of the Complaint. Moreover, the License Agreement referenced therein speaks for itself and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes the agreement's content, Defendants deny the allegations.

8.  This Paragraph sets forth a legal conclusion for which Defendants cannot admit or deny, and therefore deny the allegations of Paragraph 8 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

## FACTUAL BACKGROUND

9.  Defendants are without sufficient knowledge or belief to admit or deny the allegations and therefore deny the allegations of Paragraph 9 of the Complaint.

10. The specific provision allegedly within the License Agreement referenced in Paragraph 10 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 10 of the Complaint.

11. The specific provision allegedly within the License Agreement referenced in Paragraph 11 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 11 of the Complaint.

12. The specific provision allegedly within the License Agreement referenced in Paragraph 12 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 12 of the Complaint.

13. The specific provision allegedly within the License Agreement referenced in Paragraph 13 of the Complaint speaks for itself, and to the extent Plaintiff

3

misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 13 of the Complaint.

14. The specific provision allegedly within the License Agreement referenced in Paragraph 14 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 14 of the Complaint.

15. The specific provision allegedly within the License Agreement referenced in Paragraph 15 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 15 of the Complaint.

16. The specific provision allegedly within the License Agreement referenced in Paragraph 16 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 16 of the Complaint.

17. The specific provision allegedly within the License Agreement referenced in Paragraph 17 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 17 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

18. The Guaranty speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 18 of the Complaint.

19. The Guaranty speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 19 of the Complaint.

20. The Guaranty speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants admit the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendants deny the allegations of Paragraph 23 of the Complaint.

24. The specific provision allegedly within the License Agreement referenced in Paragraph 24 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 24 of the Complaint.

25. The Exhibit speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 25 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

26. The Exhibit speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. The Demand Letter speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of amounts due in Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. The License Agreement and Exhibit speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 32 of the Complaint.

33. The specific provision allegedly within the License Agreement referenced in Paragraph 33 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 33 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

34. The specific provision allegedly within the License Agreement referenced in Paragraph 34 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations that they are in default in Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

## <u>COUNT I: BREACH OF THE LICENSE AGREEMENT- AGAINST ASPEN GRAND HOTELS LLC</u>

37. Defendants repeat each and every response to the allegations contained in the preceding paragraphs of this Complaint.

38. This Paragraph sets forth a legal conclusion for which Defendants can neither admit nor deny, and, therefore, deny the allegations in Paragraph 38 of the Complaint.

39. The specific provision allegedly within the License Agreement referenced in Paragraph 39 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

41. The specific provision allegedly within the License Agreement referenced in Paragraph 41 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 41 of the Complaint.

42. The specific provision allegedly within the License Agreement referenced in Paragraph 41 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 42 of the Complaint.

43. This Paragraph sets forth a legal conclusion for which Defendants can neither admit nor deny, and, therefore, deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

## <u>COUNT II: BREACH OF THE GUARANTY - AGAINST THE GUARANTORS</u>

46. Defendants repeat each and every response to the allegations contained in the preceding paragraphs of this Complaint.

8

47. The Guaranty speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 47 of the Complaint.

48. The Guaranty speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 48 of the Complaint.

49. Defendants admit only that Plaintiff provided notice of Defendants' alleged default and breach, but denies the remaining allegations of Paragraph 49 of the Complaint.

50. Defendants deny the allegations of Paragraph 50 of the Complaint.

51. The Guaranty speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 51 of the Complaint.

52. This Paragraph sets forth a legal conclusion for which Defendants can neither admit nor deny, and, therefore, deny the allegations in Paragraph 52 of the Complaint.

53. The specific provision allegedly within the License Agreement referenced in Paragraph 53 of the Complaint speaks for itself, and to the extent Plaintiff

www.spirelawfirm.com
Employment Attorneys

misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 53 of the Complaint.

54. Defendants deny the allegations of Paragraph 54 of the Complaint.

55. Defendants deny the allegations of Paragraph 55 of the Complaint.

**COUNT III:**
**ATTORNEY'S FEES - AGAINST ALL DEFENDANTS**

56. Defendants repeat each and every response to the allegations contained in the preceding paragraphs of this Complaint.

57. The License Agreement referenced in Paragraph 57 of the Complaint speaks for itself, and to the extent Plaintiff misstates, misquotes, or otherwise mischaracterizes its terms, Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

59. Defendants deny the allegations of Paragraph 59 of the Complaint.

60. This Paragraph sets forth a legal conclusion for which Defendants can neither admit nor deny, and, therefore, deny the allegations in Paragraph 60 of the Complaint.

www.spirelawfirm.com
Employment Attorneys

61. This Paragraph sets forth a legal conclusion for which Defendants can neither admit nor deny, and, therefore, deny the allegations in Paragraph 61 of the Complaint.

62. This Paragraph sets forth a legal conclusion for which Defendants can neither admit nor deny, and, therefore, deny the allegations in Paragraph 62 of the Complaint.

63. This Paragraph sets forth a legal conclusion for which Defendants can neither admit nor deny, and, therefore, deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations of Paragraph 64 of the Complaint.

65. Defendants deny the allegations of Paragraph 65 of the Complaint.

66. Defendants deny the allegations of Paragraph 66 of the Complaint.

## **PRAYER FOR RELIEF**

In response to WHEREFORE Paragraph following Paragraph 66 of the Complaint, including subsections (a)-(f), Defendants deny all factual allegations and deny that Plaintiffs is entitled to any relief in this action.

## GENERAL DENIAL

All allegations in the Complaint not expressly admitted are denied.

## FIRST DEFENSE

Plaintiff has failed to state a claim, in whole or in part, upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches, unclean hands, or estoppel.

## THIRD DEFENSE

In all material respects, Defendants acted in good faith in their dealings with Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that Defendants' counterclaims exceed the amounts Plaintiff's claim.

## FIFTH DEFENSE

Plaintiff's claims are barred because Defendants did not breach the Franchise Agreement.

## SIXTH DEFENSE

Plaintiff's claims are barred because Defendants did not improperly used

12

Plaintiff's trademark, except in accordance with the parties' Franchise Agreement.

## SEVENTH DEFENSE

Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

## DEFENDANTS/COUNTERCLAIM PLAINTIFFS' COUNTERCLAIMS

Defendants/Counter-Plaintiffs, Aspen Hotels LLC, Sikandar A. Malik, and Sarah Malik (collectively, "Counter-Plaintiffs"), through their undersigned counsel, state and allege the following counterclaims against Plaintiffs/Counter-Defendants, Holiday Hospitality Franchising, LLC ("Counter-Defendant"), as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Counterclaim Plaintiffs Aspen Hotels, LLC ("Counterclaim Plaintiff") is a Texas Corporation with its principal place of business in Houston, Harris County, Texas.

2. Sikandar Malik ("Malik") is an owner of Counterclaim Plaintiffs Aspen Hotels.

www.spirelawfirm.com
Employment Attorneys

3. Sarah Malik is an owner of Counterclaim Aspen Hotels.

4. Counterclaim Defendant Holiday Hospitality Franchising, LLC (HHFL or "Counterclaim Defendant") is a Delaware Corporation with its principal place of business in Georgia.

5. This Court has jurisdiction over this dispute because Counterclaim Plaintiff's claims against Counterclaim Defendants arise out of the same case or controversy that is the subject matter of the action alleged by Plaintiff/Counterclaim Defendant in its Complaint.

6. Additionally, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because Counterclaim Defendant asserts claims under the Lanham Act, and pursuant to 28 U.S.C. § 1367 over related state-law counterclaims.

7. Venue is proper under 28 U.S.C. § 1391 and the franchise agreement's venue provision.

8. This is an action for damages in excess of $500,000.00, exclusive of interest, attorneys' fees, and costs.

## FACTUAL ALLEGATIONS

9. Counterclaim Plaintiffs entered into a 15-year Franchise Agreement with Counterclaim Defendant on June 15, 2018.

14

10. The Franchise Agreement granted Counterclaim Plaintiffs a license to use certain trademarks in connection with operating a franchised business, including the name "Holiday Inn Express" for the hotel located at 2205 Barker Oaks Drive, Houston, TX.

11. Under the Franchise Agreement, Counterclaim Plaintiffs were to pay a franchise fee of 10% of gross revenue, calculated before expenses or third-party commissions.

12. Counterclaim Defendant materially breached the Franchise Agreement by, among other things:

   ○ Failing to provide operational support and marketing assistance;

   ○ Failing to maintain uniform system standards and quality control;

   ○ Selectively enforcing franchise requirements;

   ○ Imposing unauthorized fees and charges; and

   ○ Refusing to approve reasonable operational changes in bad faith.

13. Counterclaim Plaintiffs repeatedly notified HHFL of these breaches and requested cure.

14. Rather than cure its breaches, HHFL purported to terminate the Franchise Agreement without complying with the agreement's provisions and without good cause.

15. The purported termination was retaliatory and designed to harm Counterclaim Plaintiff.

16. HHFL imposed **quality inspection failure fees** starting from $5,000 and escalating to $50,000/month.

17. Fees were **not disclosed** at the time of signing and **no hard copy invoices** were provided.

18. HHFL compared Aspen's older property to **new property standards**, making compliance impossible.

19. HHFL added charges **without approval or consent**, threatening to remove the franchise flag for non-payment.

20. HHFL imposed **$10,000 penalty** for missing a mandatory Las Vegas conference during COVID.

21. HHFL charged **$20,000 fine** for using Aspen's own internet service despite same provider.

22. HHFL forced purchases from specific vendors, resulting in $500,000 spent on furniture in 2019.

23. HHFL required franchisees to buy products and services exclusively from approved vendors for which HHFL directly benefited.

24. HHFL imposed fines on Aspen for purchasing from alternative suppliers.

16

25. Charged inflated internet fees ($1,200/month vs. $450 actual cost).

26. HHFL suspended Aspen's reservation system for 5 months (May–Sept 2025), causing inability to book rooms.

27. Estimated revenue loss during suspension: **$400,000** ($80,000/month).

28. HHFL conducted **surprise audits** accusing Sam of renting out-of-order rooms without evidence.

29. HHFL added $150,000 in charges based on assumptions from other hotels' practices.

30. Imposing unauthorized and excessive fees.

31. Misrepresenting franchise standards and obligations.

32. Threatening termination to coerce payment.

33. Holding reservation system to force bankruptcy.

34. HHFL seeks liquidated damages for problems it created.

35. At all relevant times, Counterclaim Plaintiffs operated its business in a manner consistent with brand standards and in accordance with the terms of the parties' franchise agreement.

36. On October 1, 2024, Counterclaim Defendant terminated the Franchise Agreement with Aspen.

**COUNT I**

17

**Breach of Franchise Agreement (Georgia Law)**

37. Counterclaim Plaintiffs realleges paragraphs 1–32.

38. The Franchise Agreement is a valid and enforceable contract.

39. Counterclaim Defendant materially breached the Franchise Agreement by failing to perform its express obligations, including support, system maintenance, and good-faith administration.

40. Counterclaim Defendant's breaches preceded and excused any alleged non-performance by Counterclaim Plaintiff.

41. Counterclaim Plaintiffs suffered damages including lost profits, lost goodwill, and out-of-pocket expenses.

42. Counterclaim Plaintiffs seek damages, attorneys' fees where permitted, and all appropriate relief.

## COUNT II

**Breach of Covenant of Good Faith and Fair Dealing**

43. Counterclaim Plaintiffs realleges paragraphs 1–38.

44. Georgia law implies a covenant of good faith and fair dealing in every contract.

www.spirelawfirm.com
Employment Attorneys

45. Counterclaim Defendant exercised contractual discretion arbitrarily, capriciously, and in bad faith, including selective enforcement and pretextual termination.

46. Counterclaim Defendant's conduct deprived Counterclaim Plaintiffs of the benefit of the bargain.

47. Counterclaim Plaintiffs seek damages and equitable relief.

## COUNT III

### Wrongful Termination of Franchise Agreement

48. Counterclaim Plaintiffs realleges paragraphs 1–43.

49. Counterclaim Defendant failed to strictly comply with contractual termination requirements, including notice and opportunity to cure.

50. The purported termination was therefore invalid and ineffective.

51. Counterclaim Plaintiffs seek declaratory and monetary relief.

## COUNT IV

### Declaratory Judgment – No Trademark Infringement

### (28 U.S.C. §§ 2201–2202)

52. Counterclaim Plaintiffs realleges paragraphs 1–47.

53. An actual controversy exists regarding Counterclaim Defendant's assertion of trademark infringement.

19

54. Counterclaim Plaintiffs did not infringe Counterclaim Defendant's trademarks because:

- Use was authorized or excused;

- There is no likelihood of consumer confusion; and

- Any alleged infringement arises solely from Counterclaim Defendant's wrongful conduct.

51. Counterclaim Plaintiffs seek a declaration of non-infringement.

## COUNT V

### Tortious Interference with Business Relations

52. Counterclaim Plaintiffs realleges paragraphs 1–51.

53. Counterclaim Defendant intentionally interfered with Counterclaim Plaintiffs' relationships with customers, vendors, and employees by falsely asserting infringement and termination.

54. Counterclaim Defendant suspended Counterclaim Plaintiffs' reservation system causing Counterclaim Plaintiffs to suffer more than $400,000.

55. Counterclaim Plaintiffs suffered economic harm and seeks damages of at least $400,000 and injunctive relief.

## PRAYER FOR RELIEF

www.spirelawfirm.com
Employment Attorneys

Counterclaim Plaintiffs respectfully request that the Court:

a. Enter judgment in its favor on all Counterclaims;

b. Declare that no trademark infringement occurred;

c. Declare the termination invalid or unenforceable;

d. Award compensatory, consequential, and punitive damages as allowed by law; including damages from

- Direct loss from reservation hold: $400,000.

- Quality audit and penalty fees: approx. $588,000 over 7 years; and

- Lost business growth due to inability to reinvest: approx. $1.5 million.

e. Award attorneys' fees and costs, where permitted;

f. Grant injunctive and equitable relief; and

g. Grant such other relief as the Court deems just and proper.

Respectfully submitted, this 29th day of December, 2025.

SPIRE LAW, PLLC
2572 W. State Road 426
Suite2088
Oviedo, Florida 32765

By:*/s/ Ian E. Smith*
Ian E. Smith, Esq.
Georgia Bar No. 661492
ian@spirelawfirm.com
filings@spirelawfirm.com
***Attorneys for Defendants***

22

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of December, 2025, I electronically

filed the foregoing with the Clerk of Court using the CM/ECF system, which will

send a notice of electronic filing to all counsel of record.

/s/*Ian E. Smith*
Attorney

www.spirelawfirm.com
Employment Attorneys